# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DEVONTE JAISHUN TUCKER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **7:23-cv-08003-LSC** |
| ) | **(7:19-cr-00031-LSC-JEO)** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OF OPINION

### I.    Introduction

Before this Court is a motion by Devonte Jaishun Tucker ("Tucker") to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255"). (Doc. 2.) The United States ("Government") opposes his motion. (Doc. 5.) Tucker's § 2255 motion (doc. 2) is due to be denied and the present action dismissed with prejudice for the reasons stated below.

### II.    Background

#### A.    Charges and Sentencing

On January 31, 2019, a grand jury charged Tucker in an indictment with one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Cr.

Doc. 1.)[1] On April 4, 2019, Tucker pled guilty without a plea agreement to felon in possession of a firearm. (Minute Entry 4/4/2019.) He was sentenced by this Court to 120 months of imprisonment on July 30, 2019. (Cr. Doc. 15.)

Tucker subsequently appealed the reasonableness of his sentence to the Eleventh Circuit. (Cr. Doc. 17; Case No. 19-13084-F.) The Eleventh Circuit affirmed this Court's decision on December 22, 2020. *US v. Tucker*, 838 F. App'x 453 (11th Cir. 2020).

### B.  § 2255 Proceedings

Tucker filed a second notice of appeal with the Eleventh Circuit on October 31, 2022. (Cr. Doc. 25; Case No. 22-13734-J.) The Eleventh Circuit denied review of that appeal stating it was duplicative of his first appeal. (Cr. Doc. 28; 22-13734-J.) Based upon a motion by the government, the Eleventh Circuit transferred his notice of appeal to this Court with instructions to docket it as a § 2255 motion and for this Court to address it within the ordinary course. (Cr. Doc. 28 at 2.)

### III.   Non-Successiveness of Tucker's § 2255 Motion

Tucker is bringing his first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

---

[1] "Cr. Doc." refers to an entry on the docket sheet in the underlying criminal case, *United States v. Tucker*, No. 7:19-cr-00031-LSC-JEO.

### IV. Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to 28 U.S.C. § 2255 are limited. A petitioner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)).

In litigation stemming from a § 2255 motion, "[a] hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting *Guerra v. United States*, 588 F.2d 519, 520–21 (5th Cir. 1979)). However, an evidentiary hearing is appropriate if, "accept[ing] all of the petitioner's alleged facts as true," the petitioner has "allege[d] facts which, if proven,

would entitle him to relief." *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991) (quoting *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987) and *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)).

V.  **Discussion**[2]

    A.  **Statute of Limitations**

Pursuant to 28 U.S.C. § 2255(f), "a 1-year period of limitation shall apply to a [§ 2255 motion]. The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final."

The Eleventh Circuit issued their opinion regarding Tucker's appeal on December 22, 2020. *US v. Tucker*, 838 F. App'x 453 (11th Cir. 2020). Tucker did not file a petition for a writ of certiorari; therefore, the Eleventh Circuit's decision became final 90 days later on March 22, 2021. *See* SUP. CT. R. 13*; see also Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("When no petition for writ of certiorari is filed, the judgment becomes final for § 2255 purposes when the time for filing the petition expires. *Clay v. United States*, 537 U.S. 522, 524 (2003). A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered.").

---

[2] The Court is not addressing the government's argument that Tucker is not "in custody." As *Simmons v. US* explains, a § 2255 remedy is "available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future." 437 F.2d 156, 159 (11th Cir. 1971). Although as stated in his motion, Tucker is currently in state custody, he still has a substantial amount of his federal sentence yet to be served.

Because the date Tucker's judgment of conviction became final was on March 22, 2021, and his construed § 2255 motion was filed on October 31, 2022, his filing is past the one-year statute of limitations articulated in 28 U.S.C. § 2255(f). (Cr. Doc. 24; Cr. Doc. 25.) Thus, Tucker's motion is due to be dismissed as untimely.

### B.    Considering Juvenile Adjudications at Sentencing

Although this Court concludes Tucker's claim is untimely, this Court also finds no merit to his § 2255 petition. Tucker alleges in his petition that his "PSI states his lengthy criminal history as a juvenile, but Defendant received zero criminal history points. Therefor [sic], Defendant Tucker's criminal history should not have been used/held against him, but clearly was." (Doc. 2.)

Juvenile convictions are never counted in the computation of criminal history. UNITED STATES SENTENCING GUIDELINES, § 4A1.2(c)(2). The notes to the guidelines state this is because "[a]ttempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records." *Id*. at Application Note 7. However, this does not bar a judge from considering juvenile criminal behavior at the sentencing phase. *See US v. Williams*, 648 F. App'x[3] 843, 845 (11th Cir. 2016);[4] *US v. Webman*, 760 F. App'x 904, 907

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S. Ct. of App. 11th Cir. Rule 36-2.

[4] *Williams* states that although juvenile adjudications do not factor into the defendant's criminal history score, nothing in the guidelines forbid a judge from considering this behavior when looking

(11th Cir. 2019).[5]

In *US v. Shaw*, the defendant received 120 months of imprisonment for his felon in possession of a firearm offense, even though his guideline range was thirty (30) to thirty-seven (37) months. *Shaw*, 560 F.3d at 1240. This is nearly the exact scenario as Tucker's case. In *Shaw*, The Eleventh Circuit described his lengthy juvenile and adult criminal history and concluded that his sentence was reasonable. *Id*. at 1241. Further, "[i]gnoring [juvenile] serious criminal conduct 'would serve merely to obscure [the defendant's] serious history of criminality and the likelihood that [the defendant] would commit crimes in the future.'" *US v. Williams*, 989 F.2d 1137, 1141 (11th Cir. 1993). It was not improper -- as Tucker alleges, for this Court to rely on his juvenile adjudications at his sentencing.

### C. Procedural Bar

Tucker also states at the end of his petition "that he was sentenced to the maximum term unfairly." (Doc. 2.) To the extent he is trying to say his sentence as a whole is unreasonable, he is procedurally barred from doing so. "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the Eleventh Circuit]

---

at "the history and characteristics of the defendant" in determining an appropriate sentence under 18 U.S.C. § 3553(a)(1). 648 F. App'x at 845.

[5] *Webman* stated that when making an upward variance, the District Court could "properly consider information such as [the defendant's] juvenile and arrest records." 760 F. App'x at 907.

rejected in his direct appeal." *Stoufflet v. US*, 757 F.3d 1236, 1239 (11th Cir. 2014).

In Tucker's direct appeal, he challenged "the procedural and substantive reasonableness of his sentence." *US v, Tucker*, 838 F. App'x 453, 454 (11th Cir. 2020). After a close analysis of the decision of the District Court, the Eleventh Circuit stated that "Tucker has not shown that 'the district Court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of [this] case.'" (*Id*. at 461.) (internal citations omitted). Thus, because this claim has already been raised and rejected in his direct appeal,[6] Tucker is procedurally barred from presenting the same argument again.

## VI. Conclusion

Tucker's § 2255 motion to vacate, set aside, or correct a sentence is due to be denied and this case dismissed with prejudice for the preceding reasons.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a

---

[6] This is further supported by the Eleventh Circuit describing his second appeal as "duplicative" of his first appeal. (Cr. Doc. 28 at 1.)

showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484). This Court finds that Tucker's claims do not satisfy either standard.

A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on November 14, 2023.

_____<br>
L. Scott Coogler<br>
United States District Judge<br>
215708